# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

FRASERSIDE IP L.L.C.,

    Plaintiff,

vs.

MARK FARAGALLA and MINA
FARAGALLA d/b/a
www.PornVisit.com, and John Does 1-
100 and John Doe Companies 1-100,

    Defendants.

No. C11-3032-MWB

**MEMORANDUM OPINION AND
ORDER REGARDING PLAINTIFF'S
MOTION FOR DEFAULT
JUDGMENT**

## TABLE OF CONTENTS

*I. INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . 2
   *A. Procedural Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *B. Factual Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
   *A. Entry Of Default And Default Judgment* . . . . . . . . . . . . . . . . 9
   *B. Fraserside's Copyright Claims* . . . . . . . . . . . . . . . . . . . . . 12
      *1.*   *Copyright infringement claim* . . . . . . . . . . . . . . . . 12
      *2.*   *Contributory copyright infringement claim* . . . . . . . . . . 12
      *3.*   *Damages* . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
      *4.*   *Attorney's Fees* . . . . . . . . . . . . . . . . . . . . . . . 14
   *C. Fraserside's Lanham Act Claims* . . . . . . . . . . . . . . . . . . . 14
      *1.*   *False designation claim* . . . . . . . . . . . . . . . . . . . 14
      *2.*   *Dilution of trademark claim* . . . . . . . . . . . . . . . . . 16
      *3.*   *Damages* . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
   *D. Injunctive Relief* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
   *E. Prejudgment Interest* . . . . . . . . . . . . . . . . . . . . . . . . . . 21

F. *Post-Judgment Interest* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

III. *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

The modern day pirates at issue in this litigation do not wear tricornes and extract their ill gotten booty at cutlass point, but with a mouse and the internet. Nonetheless, their theft of property is every bit as lucrative as their brethren in the golden age of piracy. Plaintiff asserts a variety of copyright and trademark infringement claims against defendants concerning its adult motion pictures shown on defendants' internet website. Having obtained an entry of default against defendants, plaintiff now requests that I enter a sizable default judgment against defendants as a shot across the bow against further piracy.

## I. INTRODUCTION AND BACKGROUND
### A. Procedural Background

On July 10, 2011, plaintiff Fraserside IP L.L.C. ("Fraserside") filed a complaint against Mark Faragalla, Mina Faragalla, John Does, and John Doe Companies, alleging the following causes of action: copyright infringement, in violation of 17 U.S.C. §§ 106 and 501 *et seq.*; contributory copyright infringement, in violation of 17 U.S.C. §§ 106 and

501 *et seq.*; vicarious copyright infringement, in violation of 17 U.S.C. §§ 106 and 501 *et seq.*; inducing copyright infringement, in violation of 17 U.S.C. §§ 106 and 501 *et seq.*; false designation of origin, in violation of 15 U.S.C. § 1125(a); and, dilution of trademark, in violation of 15 U.S.C. § 1125(c).

On July 31, 2011, Fraserside served a copy of the summons and complaint upon Milad Faragalla, a person of suitable age, at the Faragallas' residence in Beaumont, California. Also on July 31, 2011, a copy of the summons, complaint, and Civil Servicepacket was mailed to the Faragallas' home address. The Faragallas did not file an answer or any responsive pleading to the complaint. On August 30, 2011, Fraserside filed a Motion for Clerks Entry of Default. On August 30, 2011, the Clerk of Court entered the Faragallas' default. On October 21, 2011, Fraserside filed a Motion For Default Judgment (docket no. 10). The Faragallas have not filed any response to Fraserside's Motion for Default Judgment.

On January 17, 2012, I set a hearing on Fraserside's Motion for Default Judgment in order to determine whether, and in what amount, default judgment should be entered in this case. *See* FED. R. CIV. P. 55(b)(2). I held a hearing on Fraserside's Motion For Default Judgment on February 10, 2012. Plaintiff Fraserside was represented by Chad L. Belville, Phoenix, Arizona.

## B. Factual Background

By virtue of their default, the Faragallas are deemed to have admitted to the truth of the well-pleaded allegations of the complaint, except facts relating to the amount of damages. *See American Red Cross v. Community Blood Ctr.*, 257 F.3d 859, 864 (8th Cir. 2001); *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d

3

Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993); *United States v. Di Mucci*, 829 F.2d 1488, 1497 (7th Cir. 1989); *Dundee Cement Co.*, 722 F.2d at 1323; *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974). Therefore, the findings of fact are based on the allegations in the Complaint and those additional facts drawn from Fraserside's offer of proof of damages at the default judgment hearing. These findings of fact are found by a preponderance of clear, convincing, and satisfactory evidence.

Plaintiff Fraserside is a Limited Liability Company organized under the laws of the State of Iowa. Its principal place of business is in Northwood, Iowa. Fraserside is a subsidiary of Private Media Group, Inc. ("Private Media"), a Nevada Corporation. Fraserside is known commercially as "Private." Fraserside is a producer of adult motion pictures. Its adult films are distributed on a wide range of platforms, including mobile handsets in 45 countries, digital television in 24 countries, broadband internet, a South American cable channel, DVDs, and on demand and subscription based services on the internet. Fraserside has produced in excess of 1,000 full-length adult motion pictures and holds over 75 United States copyrights for its works.

Defendants Mark Faragalla and Mina Faragalla ("The Faragallas") are residents of Beamont, California. The Faragallas are doing business as PornVisit.com and operate the online website PornVisit.com. PornVisit.com's business address is 707 Emily Lane, Beaumont, California.

Fraserside has protected its films throught United States copyright registration. Since 1975, Fraserside has registered its intellectual property in more than 25 countries, including Australia, Brazil, Canada, Chile, Denmark, Europe, France, Germany, India, Italy, Japan, Mexico, Norway, New Zealand, Panama, Philippines, Poland, South Africa, Spain, Sweden, Switzerland, Taiwan, Thailand, United Kingdom, and Venezuela.

4

Fraserside has protected its trade names, PRIVATE, PRIVATE GOLD, PIRATE, and THE PRIVATE LIFE OF, through United States trademark and service mark registrations. Fraserside's PRIVATE trademark and service mark have been in continuous use in commerce since 1968. PRIVATE is United States Trademark Registration No. 1014975. It was registered on July 1, 1975, and renewed on September 6, 2005. Fraserside's PRIVATE GOLD trademark and service mark have been in continuous use in commerce since 2004. PRIVATE GOLD is United States Trademark Registration No. 3188677, and was registered on December 26, 2006. Fraserside's PRIVATE trademark and service mark design of two human female figures have been in continuous use in commerce since December 2004. PRIVATE is United States Trademark Registration No. 3389749, and was registered on May 28, 2008. Fraserside's PIRATE trademark and service mark have been in continuous use in commerce since May 24, 2000. PIRATE is United States Trademark Registration No. 3137445, and was registered on September 5, 2006. Fraserside's THE PRIVATE LIFE OF trademark and service mark have been in continuous use in commerce since September 1999. THE PRIVATE LIFE OF is United States Trademark Registration No. 2875138, and was registered on August 17, 2004.

PornVisit.Com competes with Fraserside in the sale of adult motion pictures through internet distribution. PornVisit.com sells premium memberships to its website and pays third parties to send internet traffic to it. The Faragallas sell advertising space on PornVisit.com. PornVisit.com is designed to take commercial advantage of copyrighted works and derive a financial benefit from the copyrighted works. The site, however, does not purchase or license any rights from the copyright holders. As of July 7, 2011, PornVisit.com was the 2,861 ranked website on the internet according to the number of visitors to the site. By comparison, Chevy.com is ranked 2,653. PornVisit.com is visited

5

by over 500,000 internet users each day.  Between 2 and 3.3 percent of individuals who visit a site like PornVisit.com become members of that site for approximately three months.  Fraserside's intellectual property has been viewed over 100,000 times on PornVisit.com.  The Faragallas receive revenue from third parties for advertisements placed around Fraserside's copyrighted material.  PornVisit.com allows third parties to display Faserside's intellectual property to other third party websites for the purpose of driving traffic back to PornVisit.com.  Based on VisitPorn.com's 100,000 plus pages on Google, the site generates $60,000 per month in advertising revenue alone, or $720,000 per year.

   PornVisit.com does not initially allow the site's users to view high quality versions of Fraserside's films in their entirety or download a Fraserside film to the user's computer. If the internet user wishes to view a film in High Definition, or download it, the user is presented with this option by becoming a Premium Member.  The website user is presented with the following four choices for Premium Membership:  (1) a $3.95 two-day trial membership that automatically becomes a recurring membership if the user does not cancel; (2) a recurring one month membership for $29.95; (3) a recurring three month membership for $59.95 per month; or (4) a recurring six month membership for $99.95. These Premium Memberships allow the user to download Fraserside's copyrighted and trademarked work.

   Fraserside's copyrighted and trademarked works have been infringed by the Faragallas through the reproduction, distribution, and public display of Fraserside's films on PornVisit.com.  Fraserside marks each of its films with a copyright notice and trademark in order to inform the public of its ownership.  The Faragallas have altered Fraserside's films by removing these notices and trademarks.  The Faragallas place their

6

own watermark on Fraserside's material with the word "PORNVISIT" in large font across Fraserside's works.

A search of PornVisit.com in August 2011, revealed the following instances of copyright infringement of Fraserside's copyrighted and trademarked intellectual property: (1) *A Hidden Treasure*, Trademark Registration 1014957, located at http://www.pornvisit.com/pornvideos/claudia-ferrari-outdoors; (2) *All you Need is Sex*, Copyright Registration No. PA0001670900 and Trademark Registration 1014957, located at http://www.pornvisit.com/pornvideos/all-you-need-is-sex; (3) *Anal Lolitas*, Copyright Registration No. PA0001670894 and Trademark Registration 1014957, located at http://www.pornvisit.com/pornvideos/all-you-need-is-sex; (4) *Billionare*, Copyright Registration No. PA0001674263 and Trademark Registration 1014957, located at http://www.pornvisit.com/pornvideos/simony-diamond; (5) *Call Girl-Private/Penthouse Movies*, Copyright Registration No. PA000990729 and Trademark Registration 1014957, located at http://www.pornvisit.com/pornvideos/simony diamond; (6) *Cannes*, Trademark Registration 1014957, located at http://www.pornvisit.com/pornvideos/dora-venter-spreads-her-ass-cheeks-fo; (7) *Cleopatra*, Copyright Registration No. PA0001676455 and Trademark Registration 1014957, located at http://www.pornvisit.com/pornvideos/cleopatra; (8) *Dangerous Curves*, Copyright Registration No. PA0001675596 and Trademark Registration 1014957, located at http://www.pornvisit.com/pornvideos/young-n-hot-jane-darling-making-wine; (9) *Dangerous Curves*, Copyright Registration No. PA0001675596 and Trademark Registration 1014957, located at http://www.pornvisit.com/pornvideos/young-n-hot-jane-darling-making-wine2; (10) *Dangerous Things*, Copyright Registration No. PA0001675595 and Trademark Registration 1014957, located at

7

http://www.pornvisit.com/pornvideos/silvia-saint-poolside; (11) *Fatal Orchid 2*, Copyright Registration No. PA0001675595 and Trademark Registration 1014957, located at http://www.pornvisit.com/pornvideos/katja-kean-anal-fuck-machine; (12) *Ibiza Sex Party 5*, Copyright Registration No. PA0001674244 and Trademark Registration 1014957, located at http://www.pornvisit.com/pornvideos/angel-dark-sex-party; (13) *Pornolympics*, Copyright Registration No. PA0001670614 and Trademark Registration 1014957, located at http://www.pornvisit.com/pornvideos/porn-olympics; (14) *Private Stories 2*, Copyright Registration No. PA000792716 and Trademark Registration 1014957, located at http://www.pornvisit.com/pornvideos/anita-blonde-lost-in-the-bush; (15) *Private Story Of Sarah O'Neal*, Copyright Registration No. PA0001674275 and Trademark Registration 1014957, located at http://www.pornvisit.com/pornvideos/1-dick-is-not-enough-for-this-whore; (16) *Sex, Lies & Internet*, Copyright Registration No. PA0001673407 and Trademark Registration 1014957, located at http://www.pornvisit.com/pornvideos/sanda-iron-sex-in-the-mensroom; (17) *Tropical Twins*, Copyright Registration No. PA0001670893 and Trademark Registration 1014957, located at http://www.pornvisit.com/pornvideos/sharka-blue-and-jane-darling-eurobabes; (18) *Sex, Lies & Internet*, Copyright Registration No. PA0001673407 and Trademark Registration 1014957, located at http://www.pornvisit.com/pornvideos/sharka-blue-and-jane-darling-eurobabe; (19) *3 Gals 1 Guy*, Trademark Registration 1014957, located at http://www.pornvisit.com/pornvideos/maya-gold-niky-sandy-style-sexing-man-in-the-sand.[1]

---

[1] The Complaint lists *Pornolympics* twice with the same Copyright Registration and internet address. *See* Complaint at ¶¶ 57-58. This appears to be a typographical error.

8

Fraserside's PRIVATE branded videos are sold by GameLink, an authorized distributor, for $10.95 for a download or to stream, $24.95 for a DVD, and $49.95 for a BluRay DVD. The Faragallas actions have resulted in Fraserside losing direct sales and indirect revenue of between $750,000 and $3,000,000. At the time of the default judgment hearing, the PornVisit.com website was shut down.

## II. LEGAL ANALYSIS

### A. Entry Of Default And Default Judgment

Rule 55 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> **Rule 55. Default**
> (a) **Entry**. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
> (b) **Judgment**. Judgment by default may be entered as follows:
> (1) **By the Clerk**. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.
> (2) **By the Court**. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against

9

whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.  If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

      **(c) Setting Aside Default**. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

FED. R. CIV. P. 55(a)-(c).  In *Hayek v. Big Brothers/Big Sisters of America*, 198 F.R.D. 518 (N.D. Iowa 2001), this court summarized the mechanics under Rule 55 for obtaining the entry of default and default judgment, as well as the method for setting aside a default or default judgment, as follows:

Under Rule 55, "[w]hen a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)."  *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998); *see also Hagen v. Sisseton-Wahpeton Community College*, 205 F.3d 1040, 1042 (8th Cir. 2000) (citing Johnson for this requirement). "Entry of a default under Federal Rule of Civil Procedure 55(a) is not, as such, entry of a judgment; it merely permits the plaintiff to move for a default judgment under Rule 55(b)(2), assuming that the default is not set aside under Rule 55(c)."  *Inman v. American Home Furniture Placement, Inc.*, 120 F.3d 117, 118 n. 2 (8th Cir. 1997).  Moreover, "'a default judgment cannot be entered until the amount of

damages has been ascertained.'" *Hagen*, 205 F.3d at 1042
(quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 97 (2d
Cir. 1993)). Thus, if the judgment sought is not for a sum
certain, Rule 55(b)(2) provides that "the court may conduct
such hearings or order such references as it deems necessary
and proper" in order to "enable the court to enter judgment."
Fed. R. Civ. P. 55(b)(2). In short, as this court has explained,
Rule 55 "requires two steps before entry of a default
judgment: first, pursuant to Fed. R. Civ. P. 55(a), the party
seeking a default judgment must have the clerk enter the
default by submitting the required proof that the opposing
party has failed to plead or otherwise defend; second, pursuant
to Fed. R. Civ. P. 55(b), the moving party may seek entry of
judgment on the default under either subdivision (b)(1) or
(b)(2) of the rule." *Dahl v. Kanawha Inv. Holding Co.*, 161
F.R.D. 673, 683 (N.D. Iowa 1995).

*Hayak*, 198 F.R.D. at 520.

The Clerk of Court has entered a default against the Faragallas pursuant to Rule
55(a), completing the first step in the two-step process toward default judgment. *See id.*
"While a party's default is deemed to constitute a concession of all well pleaded allegations
of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc.*,
973 F.2d at 158; *see Community Blood Ctr.*, 257 F.3d at 864; *Antoine v. Atlas Turner,
Inc.*, 66 F.3d 105, 110 (6th Cir. 1995); *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1026 (5th
Cir. 1982) (en banc), *cert. denied*, 464 U.S. 818 (1983); *Flaks*, 504 F.2d at 707.
Therefore, I will consider, in turn, each of Fraserside's claims.

### B. Fraserside's Copyright Claims

#### 1.    Copyright infringement claim

Fraserside's first cause of action asserts copyright infringement in violation of 17 U.S.C. § 501. The Copyright Act grants the copyright owner the exclusive right to reproduce a copyrighted work, to distribute copies of the work, and to authorize reproduction or distribution. *See* 17 U.S.C. § 106(1)-(3). To establish copyright infringement, Fraserside must prove: (1) ownership of a valid copyright, and (2) that the Faragallas violated at least one exclusive right granted to plaintiff under 17 U.S.C. § 106. *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). Fraserside has met this standard. The Complaint alleges that Fraserside owns copyrights in at least 19 different adult films. *See* Compl. ¶¶ 45-64. As to the second element, Fraserside alleges that the Faragallas permitted unauthorized copying and viewing of Fraserside's adult films through their website, PornVisit.com. These allegations, taken as true, are sufficient to establish a claim for copyright infringement pursuant to 17 U.S.C. § 501.

#### 2.    Contributory copyright infringement claim

Fraserside's second claim is for contributory copyright infringement. The Faragallas are contributorily liable for copyright infringement if they knowingly induce, cause, or materially contribute to the infringing conduct of another. *Ellison v. Robertson,* 357 F.3d 1072, 1076 (9th Cir. 2004). Fraserside sufficiently alleges a claim for contributory copyright infringement. Fraserside alleges the Faragallass contributed to the infringing conduct detailed above by permitting and encouraging third-parties to download the content of Fraserside's copyrighted works from PornVisit.com. Compl. ¶ 69. Thus, Fraserside has established that the Faragallas knew or had reason to know of the infringing activity to which they were contributing to by the third parties. Based on Fraserside's

allegations, I find that Fraserside has adequately pled a claim for contributory copyright infringement.

### 3.   *Damages*

A copyright owner may elect either actual or statutory damages under 17 U.S.C. § 504. On its copyright infringement claim only, Fraserside seeks statutory damages. Where statutory damages are elected, a court may, in its discretion, award between $750 and $30,000 for each act of infringement. 17 U.S.C. § 504(c)(1). If the court finds the infringement to be willful, the court has the discretion to increase the maximum to $150,000 for each act of infringement. 17 U.S.C. § 540(c)(2). Conversely, if the infringer proves he had no reason to believe his acts constituted copyright infringement, the court may reduce the award to no less than $200 for each act of infringement. *Id.* Courts have wide discretion in determining the amount of statutory damages to be awarded, "constrained only by the specified maxima and minima." *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984). Here, Fraserside has alleged the Faragallas' copyright violations were all willful and is seeking $150,000 in statutory damages for each infringement of its 20 works, for a total of $3,000,000. However, as discussed above, the Complaint erroneously lists *Pornolympics* twice. Thus, the Complaint only details 19 Fraserside works that the Faragallas infringed and limits Fraserside's claim for damages to a maximum of $2,850,000.

I find Fraserside had demonstrated that an award of $150,000 for each copyright violation is justified. Fraserside has shown that the Faragallas developed PornVisit.com through which they have permitted worldwide infringement of Fraserside's copyrighted films on the internet. The Faragallas are directly profiting from distributing Fraserside's copyrighted films on this website. Based on facts before me, this case warrants an award

13

of damages of $150,000 for each of the 19 violations.  By permitting the downloading of infringing copies of Fraserside's works onto the internet and distributing Fraserside's copyrighted material, the Faragallas are denying Fraserside revenue to which it is entitled. I, therefore, award $2,850,000 in statutory damages for the copyright violations alleged in the Complaint.

### 4.    Attorney's Fees

Fraserside also seeks to recover $12,600 in attorney's fees based on 36 hours of attorney time at $350 per hour. Under 47 U.S.C. § 605(e)(3)(B)(iii), the district court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." I find that the requested fees are reasonable. Therefore, I will award Fraserside all of its requested attorney's fees.

### C.  Fraserside's Lanham Act Claims

### 1.    False designation claim

Fraserside also asserts a claim under the Lanham Act for false designation of origin under 15 U.S.C. § 1125(a).[2]  False designation of origin falls within the practice known

---

[2] Section 1125(a)(1) creates a cause of action against

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which-(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the

(continued...)

14

as "reverse passing off" or "reverse palming off," described by the Eighth Circuit Court

of Appeals in *Pioneer Hi-Bred International v. Holden Foundation Seeds, Inc.*, 35 F.3d

1226 (8th Cir. 1994), as follows:

> The typical Lanham Act claim involves one of two factual patterns:  (1) a defendant's false advertising of its goods or services; or (2) the selling or "palming off" by a defendant of its goods by use of a competitor's name. *Lamothe v. Atlantic Recording Corp.*, 847 F.2d 1403, 1406 (9th Cir. 1988).  The statute, however, extends beyond these isolated patterns, reaching those situations which are "economically equivalent to palming off." *Smith v. Montoro*, 648 F.2d 602, 605 (9th Cir. 1981) (internal quotation omitted).
> . . .
> Reverse palming off is essentially the defendant's unauthorized removal of plaintiff's product's identifying marks before reselling the goods. [Footnote omitted.] *Montoro*, 648 F.2d at 605; *Web Printing Controls Co. v. Oxy-Dry Corp.*, 906 F.2d 1202, 1203 n.1 (7th Cir. 1990).  The doctrine includes situations in which a defendant markets another's product that has been only slightly modified and then relabeled. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 359 (5th Cir. 1990); *Arrow United Indus., Inc. v. Hugh Richards, Inc.*, 678 F.2d 410, 412, 415 (2d Cir. 1982).

*Pioneer Hi-Bred*, 35 F.3d at 1241.

In order to prove a "false designation of origin" claim premised on "reverse

palming off," the plaintiff must prove (1) that the work, product, or design at issue

originated with the plaintiff; (2) that the origin of the work, product, or design was falsely

---

[2](...continued)
> origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person,. . . .

15 U.S.C. § 1125(a).

designated by the defendant; (3) that the false designation of origin was likely to cause consumer confusion; and (4) that the plaintiff was harmed by the defendant's false designation of origin. *See Softel, Inc. v. Dragon Medical and Scientific Communications, Inc.,* 118 F.3d 955, 970 (2d Cir. 1997) (citing *Lipton v. Nature Co.,* 71 F.3d 464, 473 (2d Cir. 1995), in turn citing *Waldman Publ'g,* 43 F.3d at 781–85); *AutoChlor Sys. of Minn., Inc. v. Johnson Diversey,* 328 F. Supp. 2d 980, 1018 (D. Minn. 2004).  Because Fraserside is seeking money damages, it is "required to prove actual confusion, [the Faragallas'] intent to cause that confusion, and a causal connection between the confusion and the injury suffered." *St. Croix Printing Equip., Inc. v. Sexton,* 578 F. Supp. 2d 1195,1198 (D.Minn.2008) (citations omitted).  In evaluating whether a likelihood of confusion exists, the Eighth Circuit Court of Appeals looks to the following six factors: (1) the strength of the trademark; (2) the similarity between the plaintiff's and defendant's mark; (3) the competitive proximity of the parties' products; (4) the alleged infringer's intent to confuse the public; (5) evidence of any actual confusion; and (6) the degree of care reasonably expected of the plaintiff's potential customers.  *Anheuser-Busch, Inc. v. Balducci Publ'ns,* 28 F.3d 769, 774 (8th Cir. 1994) (citation omitted).

Fraserside's allegations establish the Faragallas' liability for false designation of origin.  In advertising, distributing, selling, and/or offering Fraserside's films, the Faragallas have removed Fraserside's marks and substituted its own marks.  The effect of the Faragallas actions was intended to and results in the confusion of consumers.  Therefore, Fraserside is entitled to judgment on the false designation of origin claim.

2. *Dilution of trademark claim*

Fraserside also sufficiently alleges facts to establish its trademark dilution claim.

Prohibiting trademark dilution "protects the holder of a famous trademark from misappropriation of its investment in the mark." *Everest Capital Ltd. v. Everest Funds Mgt., L.L.C.*, 393 F.3d 755, 762 (8th Cir. 2005); *see Luigino's, Inc. v. Stouffer Corp.*, 170 F.3d 827, 832 (8th Cir. 1999).  To establish such a claim under the Lanham Act, a plaintiff must prove:

> (1) the plaintiff is the owner of a mark that qualifies as a 'famous' mark in light of the totality of eight factors listed in § 1125(c)(1); (2) the defendant is making commercial use in interstate commerce of a mark or trade name; (3) defendant's use began after the plaintiff's mark became famous; and (4) defendant's use causes dilution by lessening the capacity of the plaintiff's mark to identify and distinguish goods or services.

*Times Mirror Magazine, Inc. v. Las Vegas Sports News, L.L.C.*, 212 F.3d 157, 163 (3d Cir. 2000).  A mark is "famous" for dilution purposes if the mark "is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner."  15 U.S.C. § 1125(c)(2)(A)

As set out in the Complaint, Fraserside has sufficiently alleged facts supporting its claim.  The relevant PRIVATE mark is "famous" and the Faragallas' actions lessen the capacity of such a mark to identify and distinguish Fraserside's products.  The interstate nature of the commerce and the timing of the Faragallas's use of the mark are also clear from the record.  Regarding the fourth element, Fraserside's PRIVATE trademark has been in existence for several decades and used continuously in commerce.  Comp. ¶¶ 6. I conclude that the Faragallas' use began after the mark in question became famous. Consequently, I accept that each of these elements are satisfied and a cause of action for trademark dilution has been established.

### 3.    Damages

After assessing liability, I must determine damages to a "reasonable certainty." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997). I may rely on affidavits, documentary evidence, and witness testimony when evaluating the fairness of the damages requested. *See Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993). The Lanham Act provides that a plaintiff can recover actual damages based on the defendant's profits and the plaintiff's damages. See 15 U.S.C. § 1117(a). Moreover, a court is allowed to "engage in some degree of speculation in computing the amount of damages, particularly when the inability to compute them is attributable to the defendant's wrongdoing." *PPX Enters., Inc. v. Audiofidelity Enters.*, 818 F.2d 266, 271 (2d Cir. 1987).

The PornVisit.com website is a cash cow, made all the more profitable by the fact that its product is the result of pirating copies of others adult films. Based on VisitPorn.com's 100,000 plus pages on Google, the site generated $60,000 per month in advertising revenue alone, or $720,000 per year. PornVisit.com is visited by over 500,000 internet users each day. Between 2 and 3.3 percent of individuals visiting the site are likely to become members of that site for approximately three months. A visitor to the site obtaining a recurring monthly membership of $29.95 for three months would generate $89.95 in direct revenue to the site. Since Fraserside's intellectual property has been viewed over 100,000 times on PornVisit.com, the unauthorized use of Fraserside's intellectual property aided the Faragallas in the recruitment of a substantial number of new members to their website. I am allowed to engage in some degree of speculation in computing the amount of damages here because my inability to compute them is attributable to the Faragallas' wrongdoing. *See PPX Enters., Inc.*, 818 F.2d at 271. I

18

find, conservatively, the unauthorized use of Fraserside's intellectual property aided the Faragallas in the recruitment of at least 1,500 new members to the VisitPorn.com website. These 1,500 new members, obtaining a recurring monthly membership of $29.95 for three months, generated $134,775 in direct income to the website. In addition to generating income for the Faragallas, their actions deprived Fraserside of the direct sales of those products and the income stream such sales would generate. All told, the Faragallas' actions have resulted in Fraserside losing direct sales and indirect revenue of between $750,000 and $3,000,000. Erring on the conservative side, I conclude that Fraserside has suffered $1,000,000 in actual damages from the Fragallas' Lanham Act violations. I, therefore, award $1,134,775 in damages for the Lanham Act violations alleged in the Complaint.

### D.  Injunctive Relief

Fraserside also seeks injunctive relief against the Faragallas to prevent future infringement of its copyrights. The Copyright Act, 17 U.S.C. § 502(a), permits the issuance of a permanent injunction to prevent future infringement. A plaintiff seeking a permanent injunction must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006). In this case, each of these four factors supports granting a permanent injunction. With regard to the first two factors, Fraserside has established that, absent an injunction, it will suffer irreparable harm and that money damages are not adequate.

Operation of a website such as PornVisit.com opens Fraserside to "massive, repeated, and worldwide infringement" of their copyrighted adult films. *See Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1073 n. 2 (D.Ariz.2006) ("When digital works are distributed via the internet, as in this case, every downloader who receives one of the copyrighted works from Defendant is in turn capable of also transmitting perfect copies of the works. Accordingly, the process is potentially exponential rather than linear, threatening virtually unstoppable infringement of the copyright.") (quoting *A & M Records, Inc.*, 239 F.3d at 1013–14). Monetary damages cannot adequately compensate this infringement. As to the third factor, while Fraserside will be harmed by continued infringement, there appears to be no harm to the Faragallas in issuing injunctive relief. This is because an injunction would merely require them to comply with the Copyright Act. Finally, on the fourth factor, a permanent injunction would likely serve the public interest by "upholding" the rights that "Congress has elected to grant . . . to the owner of a copyright in a protected work." *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983) (quoting *Klitzner Industries, Inc. v. H.K. James & Co., Inc.*, 535 F. Supp. 1249, 1259–60 (D.Pa.1982)). Additionally, the Faragallas' failure to respond to this lawsuit suggests an indifference to the unlawful nature of their infringing activity. *Sony BMG Music Entm't v. Rezabala*, No. CIV 08–1520 MCE, 2009 WL 2877601 at *3 (E.D.Cal. Sept.3, 2009). This unwillingness to appear in this case provides me with no assurance that the Faragallas will cease their infringing activities. Thus, I find that Fraserside is entitled to a permanent injunction against further infringing activities.[3]

---

[3] Fraserside also seeks, as injunctive relief, that I transfer the domain name www.pornvisit.com to it. Fraserside has sited no authority which permits me to transfer a domain name as injunctive relief. It is also unclear whether the Faragallas are the

(continued...)

I will enter the permanent injunction in a separate order.  For a district court's contempt power to apply to an injunction, defendants must "receive actual notice of it by personal service or otherwise."  FED. R. CIV. P. 65(d)(2).  Fraserside is instructed to serve this order on the Fargallas no later than **March 15, 2012.**

### E. *Prejudgment Interest*

Fraserside further seeks prejudgment interest.  Prejudgment interest is available under the Lanham Act, although it is usually awarded in conjunction with an award of actual damages under § 1117(a). *See* 15 U.S.C. § 1117(b) (providing for prejudgment interest in infringement cases that involve "assessing damages under [1117(a) ]]"); *Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Star Mark Mgmt., Inc.,* 2009 WL 5185808, at *10 (E.D.N.Y. Dec.23, 2009).  Courts, however, have also found prejudgment interest to be an appropriate component of the remedy provided to a plaintiff seeking an award of statutory damages under § 1117(c). *Johnson & Johnson Consumer Cos. v. Aini,* 540 F. Supp. 2d 374, 396-97 (E.D.N.Y. 2008).  I conclude, pursuant to 15 U.S.C. § 1117(b), Fraserside is entitled to prejudgment interest on the amount of statutory damages, $2,850,000, running from July 10, 2011, through the date judgment is entered, at the rate set forth in Section 6621(a)(2) of the Internal Revenue Code of 1986, 26 U.S.C. § 6621(a)(2).[4]

---

[3] (...continued)
owners of that domain name.  Thus, I conclude Fraserside has not established a sufficient legal basis for transferring that domain name here, and its request is denied.

[4] Section 6621(a)(2) provides that the prejudgment rate shall be equal to the Federal short-term rate as defined by the Secretary in the first month of each calendar quarter plus
(continued...)

*F. Post-Judgment Interest*

Finally, Fraserside seeks post-judgment interest. Pursuant to 28 U.S.C. 1961(a), interest "shall be allowed on any money judgment in a civil case recovered in a district court." Thus, Fraserside is awarded post-judgment interest on the amount of statutory damages, $2,850,000, which will be calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." *Id.*

## III. CONCLUSION

For the reasons discussed above, I grant Fraserside's Motion for Default Judgment and order that judgment be entered in favor of Fraserside and against the Faragallas on Fraserside's direct, contributory, vicarious and inducement copyright infringement claims in the amount of $2,850,000. I also award Fraserside $1,134,775 in damages for the Lanham Act violations alleged in the Complaint. Finally, Fraserside is awarded $12,600 in attorney's fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii), and costs of $439. To recap, Fraserside is awarded the following damages:

| | |
|---|---|
| Damages on copyright claims | $2,850,000 |
| Damages on Lanham Act claims | $1,135,775 |
| Attorney's fees and costs | $13,039 |
| Total damages | $3,998,814. |

---

[4](...continued)
3 percentage points.

Prejudgment interest on the amount of statutory damages, $2,850,000, shall run from July 10, 2011, through the date judgment is entered, at the rate in Section 6621(a)(2) of the Internal Revenue Code of 1986, 26 U.S.C. § 6621(a)(2). Interest on the total judgment, $3,998,814, shall accrue from and after the date of the entry of the judgment at the federal judgment rate. Finally, I find that Fraserside is entitled to a permanent injunction against the Faragallas from further infringing activities and will enter a permanent injunction in a separate order. Judgment shall enter accordingly.

**IT IS SO ORDERED.**

**DATED** this 13th day of February, 2012.

Mark W. Bennett

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

23